

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,054-02

### EX PARTE HENDRICK DWAYNE LYNN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-DCR-054645 HC2 IN THE 268TH DISTRICT COURT
### FROM FORT BEND COUNTY

*Per curiam*.

### ORDER

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a controlled substance, and was sentenced to two years' imprisonment. He did not appeal his conviction.

Applicant contends that he was denied due process and that his plea was involuntary because the lab tech who tested the evidence seized in this case was Jonathan Salvador, who has since been discredited based on misconduct. The evidence was re-tested by the DPS Houston Regional Crime Laboratory and the evidence was determined to be as Mr. Salvador described it to be.

However, the trial court concludes that the inference of falsity in this case has not been sufficiently rebutted by the State. *See Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). The trial court also concludes that the false evidence was material to Applicant's conviction, because it would have been unlikely that the State could have obtained a conviction without the lab report.

This Court recently held that materiality of false evidence in the context of a guilty plea should be examined under the same standard used to assess materiality of counsel's deficient performance in the context of a guilty plea: if the applicant had known that the evidence was false (i.e., "but for" the false evidence), he would not have pleaded guilty but would have insisted on going to trial. *Ex parte Barnaby*, No. WR-80,099-01, ___ S.W.3d ___ (Tex. Crim. App. Nov. 4, 2015).

Given the other charges pending against him and the plea bargain for the minimum sentence on a lesser offense, Applicant fails to show that had known that the evidence was false (*i.e.*, "but for" the false evidence), he would not have plead guilty but would have insisted on going to trial. Based on this Court's independent review of the record, we find that the original lab report is immaterial to Applicant's conviction. Therefore, we deny relief.

Delivered: February 10, 2016

Do not publish